G. Kevin Kiely, OSB No. 833950
gkkiely@cablehuston.com
**Carla Scott, OSB No. 054725**
cscott@cablehuston.com
CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW Fifth Avenue, Suite 2000
Portland, OR 97204-1136
Telephone: (503) 224-3092
Facsimile: (503) 224-3176

Of Attorneys for Plaintiffs Soothing Touch, LLC and Sat Kartar S. Bird

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SOOTHING TOUCH, LLC, a New Mexico Limited Liability Company; and SAT KARTAR S. BIRD, a New Mexico Resident,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN TEMPLE OF OREGON, LLC, an Oregon Limited Liability Company, and KARAM SINGH KHALSA, an Oregon Resident,<br><br>Defendants. | Civil No. 3:10-cv-421-BR<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DEPOSIT FUNDS INTO COURT |

I.   **FACTUAL BACKGROUND**

This case involves disputes arising out of two contracts: (1) an Asset Purchase Agreement executed on November 6, 2006 between Golden Temple of Oregon, Inc. as "Seller" and Soothing Touch, LLC ("Soothing Touch") as "Buyer"; and (2) a subsequent Equipment Purchase Agreement executed between the same parties on February 8, 2007. Some time after

Page 1 – MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DEPOSIT FUNDS INTO INTEREST BEARING ACCOUNT

execution of these contracts, Golden Temple of Oregon, Inc. became Golden Temple of Oregon, LLC. Both are referred to herein collectively as "Golden Temple."

Sat Kartar S. Bird ("Sat Kartar") negotiated the contracts on behalf of Soothing Touch, and Karam Singh Khalsa ("Karam Singh") negotiated them on behalf of Golden Temple. Declaration of Sat Kartar ("Sat Kartar Decl.") ¶ 2. As part of the Asset Purchase Agreement, Soothing Touch promised to pay Golden Temple $1,300,000, payable in $400,000 cash at closing together with a Promissory Note in the amount of $900,000. Sat Kartar Decl. ¶ 3. A copy of the Promissory Note is attached as Exhibit A. The Promissory Note provides for monthly payments in the amount of $10,041.80 from February 1, 2007 to January 31, 2008, with adjustments thereafter based on an amortization schedule. Current monthly payments owing under the Promissory Note are in the amount of $10,594.82, due on the 11th day of each month. Sat Kartar Decl. ¶ 5. Soothing Touch is current on the payments owed pursuant to the Promissory Note. Sat Kartar Decl. ¶ 4.

Soothing Touch filed the Complaint in this case to redress harm associated with Golden Temple's breach of contract and related fraud. If it prevails in this litigation, Soothing Touch will be excused from making any further payments under the Promissory Note.

## II.  ARGUMENT

While this litigation is pending, and to avoid its own breach of the Asset Purchase Agreement, Soothing Touch seeks to deposit amounts owed under the Promissory Note with the court, rather than continuing to make payments to Golden Temple. Federal Rule of Civil Procedure ("FRCP") 67 permits such a deposit, as it provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

FRCP 67(a).

/ / /

Soothing Touch, as the party seeking to make the deposit, has properly relied on FRCP 67. The purpose of FRCP 67 is "to relieve the depositor of responsibility for the fund in dispute while the parties hash out their differences with respect to it." *Qwest Corporation v. City of Portland*, 204 F.R.D. 468, 470 (D. Oregon, 2001) (citing *Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445-45 (5th Cir. 1990)). FRCP 67 is intended to benefit the party holding the funds in dispute. *Qwest Corporation*, 204 F.R.D. at 470. Therefore, Soothing Touch, as the holder of the funds in dispute, properly relies on FRCP 67, and with leave of the Court, it may deposit funds with the Court. Such a procedure is not novel. *See, e.g., Adams v. Rutherford*, 8 P. 896 (1885) (explaining "the payor of a note must be at the place of payment at the time it matures ready and willing to pay the same, and that he should either deposit the amount due in some bank of other place to be paid, or keep it intact; and, in either case, if suit be commenced, *carry it into court and deposit it there*").

A court order to deposit money is appropriate where the funds are genuinely in dispute. *Gulf States Utilities Co. v. Alabama Power Co.*, 824 F2d 1465 (5th Cir 1987), opinion amended on other grounds, 831 F2d 557 (5th Cir 1987). In *Gulf States.*, Gulf States alleged that Southern Companies had breached a contract between them. 824 F2d at 1467. As part of this allegation, Gulf States claimed that "it [did] not owe Southern the deposited money. Southern, of course, claim[ed] that [Gulf States] owes it the deposited funds." *Id.* at 1475. Thus, the court found that the funds genuinely were in dispute. *Id.*

As in *Gulf States*, the money owed under the Promissory Note here is genuinely in dispute by virtue of Golden Touch's alleged breach of the Asset Purchase Agreement and related alleged fraud. If Soothing Touch prevails in the underlying litigation, it will not be contractually required to make any further payments under the Promissory Note; however, if Golden Temple prevails, then Soothing Touch must satisfy its obligation under the Promissory Note. Until the litigation concludes, there remains a genuine dispute as to the funds owed under the Promissory Note.

Page 3 – MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DEPOSIT FUNDS INTO INTEREST BEARING ACCOUNT

## III. CONCLUSION

For the reasons stated above, Plaintiffs Soothing Touch and Sat Kartar S. Bird's Motion for an Order to Deposit Funds Into Court should be granted.

DATED: April 30, 2010.

                                        CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP

                                        By: s/ Carla Scott
                                              Carla Scott, OSB No. 054725
                                              Of Attorneys for Plaintiffs Soothing Touch LLC and Sat Kartar S. Bird

# PROMISSORY NOTE

$900,000                                                                                        November 6, 2006

      FOR VALUE RECEIVED, Soothing Touch, LLC, a New Mexico limited liability company ("Maker") promises to pay to the order of Golden Temple of Oregon, Inc., an Oregon corporation ("Holder") the principal sum of NINE HUNDRED THOUSAND AND 00/100 DOLLARS ($900,000.00) together with interest thereon as provided herein.

1. <u>Interest Rate</u>. The principal balance hereof shall bear interest from and including December 1, 2006 until paid at a floating rate equal to six percent (6 %) for the initial 14 months, which rate shall increase by one-half of one percent (0.5%) per year for each 12-month period thereafter that any portion of the principal amount of this Note remains unpaid. The interest rate increases contemplated by this section will take effect on February 1 of each year during the term of this year as set forth in Section 2(b) below.

2. <u>Periodic Payments</u>.

    (a) The principal balance and accrued interest thereon shall be paid in sixty (60) monthly installments, with the first such payment being due and payable on February 1, 2007 (but no later than February 10), and subsequent installments being due and payable on the first day (but no later than the tenth day) of each succeeding calendar month thereafter until the entire unpaid principal balance of this Note, together with all accrued, unpaid interest hereon, has been paid.

    (b) The amount of the monthly payments hereunder for the period February 1, 2007 – January 31, 2008, based on amortization over ten (10) years from February 1, 2007, shall be $10,041.80. The amount of the monthly payment for each year thereafter shall be recalculated using the increased interest rate as of February 1 of such year based on amortization over nine (9) years for payments made for February 1, 2008 – January 31, 2009; eight (8) years for payments made for February 1, 2009 – January 31, 2010; seven (7) years for payments made for February 1, 2010 – January 31, 2011; and six (6) years for payments made for February 1, 2011 – January 31, 2012.

    (c) If Maker fails to make any payment required by this Note within 10 days after the payment is due, a late charge equal to five percent (5%) of the payment will be added to the unpaid principal amount and be immediately due.

3. <u>Maturity Date.</u> The entire principal balance hereof, and all accrued, unpaid interest hereon, shall be entirely due and payable on February 1, 2012 ("Maturity Date").

4. <u>Place of Payment.</u> Payment shall be made by to Holder at the address set forth below, and shall be made without prior notice or demand.

Golden Temple of Oregon, Inc.
2545-D Prairie Road
Eugene, OR 97402

Holder may change the payee or address to which payments must be sent by notice to Maker of Holder's new address or of the name and address of a collection agent for Holder to which subsequent payments will be delivered.

5. <u>Prepayment</u>. Maker shall have the right to prepay the entire principal amount of this Note and all accrued, but unpaid, interest at any time without penalty.

6. <u>Form and Application of Payments</u>. Payments shall be in lawful money of the United States of America, and when received by Holder shall be applied first to interest and second to principal.

7. <u>Security.</u> This Note represents the balance of the purchase price payable to Holder under the terms of an Asset Purchase Agreement dated of even date herewith, between Holder, as "Seller," and Maker as "Buyer" (the **"Purchase Agreement"**). The obligations of Maker under this Note are secured by a Security Agreement and by a Guarantee from Sat Kartar S. Bird ("Guarantor").

8. <u>Default.</u> Time is of the essence of this Note. The following shall constitute a Default hereunder:

    (a) Maker fails to make payment as provided herein within five (5) days after receipt of written notice from Holder stating that the payment has become due.

    (b) Maker fails to perform any other obligation or any covenant contained in this Promissory Note, the Security Agreement, or the Purchase Agreement within ten (10) days after notice from Holder specifying the nature of the default.

    (c) Maker or Guarantor becomes insolvent, a receiver is appointed to take possession of all or a substantial part of Maker's or Guarantor's properties, Maker or Guarantor makes an assignment for the benefit of creditors or files a voluntary petition in bankruptcy, or Maker or Guarantor is subject to an involuntary petition in bankruptcy that is not dismissed within sixty (60) days.

9. <u>Remedies.</u> In the event of a default, Holder may take any one or more of the following steps:

    (a) Declare the entire unpaid principal balance of the debt evidenced hereby and all accrued but unpaid interest on such debt, and all other costs and expenses evidenced hereby or thereby, to be immediately due and payable; or pursue any right or remedy otherwise allowed at law or in equity.

    (b) Pursue any other right or remedy provided herein, in the Purchase Agreement, or any agreement evidencing, guaranteeing, or securing the payment the debt evidenced hereby;

(c) Pursue any remedy available to Holder under the Uniform Commercial Code, or otherwise at law or in equity.

(d) The remedies provided above shall be nonexclusive. Holder may pursue any such rights or remedies singly, together or successively. Exercise of any such right or remedy shall not be deemed an election of remedies. Failure to exercise any right or remedy shall not be deemed a waiver of any existing or subsequent default nor a waiver of any such right or remedy.

10. <u>Acceleration caused by Certain Transactions.</u> If at any time prior to full payment of all principal and accrued but unpaid interest under this Note, Maker enters into any agreement for the sale of all or substantially all of the assets of Maker to an unrelated third party, then the entire unpaid principal of this Note and all accrued and unpaid interest due as of the date of such transfer shall be immediately due and payable at closing of such transaction.

11. <u>Amendments.</u> This Note may not be amended, modified, or changed, nor shall any provision hereof be deemed waived, except only by an instrument in writing signed by the party against whom enforcement of any such waiver, amendment, change, or modification is sought.

12. <u>Governing Law.</u> This Note is governed by the laws of the State of Oregon, without giving effect to any conflict-of-law principle of any jurisdiction.

13. <u>Venue.</u> Any action or proceeding arising out of this Note will be litigated in courts located in Lane County, Oregon. Maker consents and submits to the jurisdiction of any local, state, or federal court located in Lane County, Oregon.

14. <u>Attorney's Fees.</u> With respect to any dispute relating to this agreement, or in the event that a suit, action, arbitration, or other proceeding of any nature whatsoever, including, without limitation, any proceeding under the U.S. Bankruptcy Code and involving issues peculiar to federal bankruptcy law, any action seeking a declaration of rights or an action for rescission, is instituted to interpret or enforce this agreement or any provision of this agreement, the prevailing party shall be entitled to recover from the losing party its reasonable attorneys', paralegals', and other experts' and professional fees and all other fees, costs, and expenses actually incurred and reasonably necessary in connection therewith, as determined by the judge or arbitrator at trial or other proceeding, or on any appeal or review, in addition to all other amounts provided by law.

For purposes of this Agreement the "prevailing party" is the party who achieves substantially all the results sought, whether by judgment, order, settlement, or otherwise.

*Signature page follows.*

IN WITNESS WHEREOF, this Promissory Note is effective as of the date and year first above written.

        SOOTHING TOUCH, LLC, a New Mexico limited liability company.

By: *[signature]*
Name: SAT KARTAR S BIRD
Title: MANAGING MANAGER

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO DEPOSIT FUNDS INTO COURT** was served on:

Vicki Smith
LANE POWELL PC
601 SW Second Avenue
Suite 2100
Portland, OR 97204-3158
Tele: (503) 778-2138
Fax: (503) 778-2200
smithv@lanepowell.com

Of Attorneys for Defendants

by the following indicated methods or methods:

[ ]     **ELECTRONIC MAIL – CM/ECF** notice of electronic filing.

[✓]     by **MAILING** a full, true and correct copy thereof in a sealed, postage-paid envelope, addressed as shown above, and deposited with the U.S. Postal Service at Portland, Oregon, on the date set forth below.

[ ]     by causing a full, true and correct copy thereof to be **HAND-DELIVERED** to the party, at the address listed above on the date set forth below.

[ ]     by causing a full, true and correct copy thereof by **ELECTRONIC MEANS** to the party, at the party's last known email address listed above on the date set forth below.

[ ]     by sending a full, true and correct copy thereof via **OVERNIGHT COURIER** in a sealed, prepaid envelope, addressed to the Party as shown above, at the last known address of the attorney, on the date set forth below.

[ ]     by **FAXING** a full, true and correct copy thereof to the party, at the fax number shown above, which is the last-known fax number for the party's office, on the date set forth below.

DATED this 30th day of April 2010.

           s/Carla Scott
           CARLA SCOTT, OSB No. 054725
           Of Attorneys for Plaintiffs

Page 1 – CERTIFICATE OF SERVICE