Vicki L. Smith, OSB No. 854410
smithv@lanepowell.com
Parna A. Mehrbani, OSB No. 053235
mehrbanip@lanepowell.com
LANE POWELL PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants Golden Temple of Oregon, LLC, and Karam Singh Khalsa

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SOOTHING TOUCH, LLC, a New Mexico Limited Liability Company; and SAT KARTAR S. BIRD, a New Mexico Resident,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN TEMPLE OF OREGON, LLC, an Oregon Limited Liability Company, and KARAM SINGH KHALSA, an Oregon Resident,<br><br>Defendants. | Case No. 3:10-cv-421-BR<br><br>Defendants Golden Temple of Oregon, LLC, and Karam Singh Khalsa's **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO DEPOSIT FUNDS INTO COURT**<br><br>**Oral Argument Requested** |

## I. INTRODUCTION[1]

Defendants Golden Temple of Oregon, LLC ("Golden Temple") and Karam Singh Khalsa respectfully request that the Court deny plaintiffs' Motion for an Order to Deposit Funds

---

[1] The facts set forth herein are also set forth in Plaintiffs' Memorandum in Support of Plaintiff's Motion to Deposit Funds Into Court ("Plaintiff's Memo.") at pp. 1-2 and the Declaration of Sat Kartar S. Bird ¶¶ 2-3.

PAGE 1 - RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO DEPOSIT FUNDS INTO COURT

Into the Court. (Golden Temple and Mr. Khalsa are collectively referred to herein as "Defendants.")

This matter involves disputes concerning the sale of a piece of Golden Temple's business operations in November, 2006, to plaintiff Soothing Touch, LLC ("Soothing Touch"). Plaintiff Sat Kartar S. Bird is the principal of that company. Complaint ¶¶ 2, 7. (Soothing Touch and Mr. Bird are referred to collectively herein as "Plaintiffs.") The purchase price pursuant to an Asset Purchase Agreement was $1.3 million. The sum of $400,000 was paid at closing and the remaining $900,000 was in the form of a promissory note, requiring monthly payments with a maturity date of February 1, 2012. *Id.* at ¶¶ 11-12. Two months later, the parties entered into an Equipment Purchase Agreement. The purchase price was $114,000 to be paid 120 business days after the shipment of the equipment. *Id.* at ¶ 24.

Plaintiffs allege claims of breach of contract and request declaratory relief against Golden Temple and breach of contract and fraud against Golden Temple and Mr. Khalsa. *Id.* at ¶¶ 40-52. In the present motion, Plaintiffs seek to deposit with the Court funds that represent the monthly payments due to Golden Temple pursuant to the promissory note executed between the parties.

Plaintiffs' Motion should be denied because Plaintiffs cannot have it both ways. That is, Plaintiffs cannot both affirm the contract while at the same time unilaterally prevent Golden Temple from receiving its contracted-for consideration.

## II. ARGUMENT

Fed. R. Civ. P. 67 allows for deposit into the Court when the relief sought is a "money judgment or the disposition of a sum of money or some other deliverable thing." Whether a deposit should be allowed is a matter committed to the discretion of the Court. *See, e.g. Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990). As Plaintiffs

PAGE 2 - RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO DEPOSIT FUNDS INTO COURT

708480.0082/849892.1

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

admit, the funds Plaintiffs seek to deposit are payments owed by Plaintiffs to Golden Temple pursuant to a promissory note. Plaintiffs' Memo. at 2; Plaintiffs' Motion at 2.

Plaintiffs have affirmed the contracts at issue in this case by asserting their request to deposit funds "to avoid its own breach." *Id.* Plaintiffs do not want to "undo" the contract they entered into, they simply want to pay less consideration for the benefits they received. With these facts, depositing contracted-for payments with the Court is inappropriate.

*Baxter v. United Forest Products Co.*, 406 F.2d 1120 (8th Cir. 1969) is instructive. In *Baxter*, the plaintiff bought a business and agreed to pay the purchase price in four installments. Under the purchase agreement, if the plaintiff failed to make any of the installment payments, he forfeited the business plus any payments made before the default. When the plaintiff discovered fraud by the seller in the making of the agreement, he sued for money damages. At the same time, the plaintiff affirmed the validity of the agreement and moved to deposit the remaining installments with the Court (in an effort to avoid breaching the agreement and the agreement's harsh forfeiture provision). The Eighth Circuit Court of Appeals rejected this use of Fed. R. Civ. P. 67, stating that in such a situation, the disputed payments are "not in contest" as contemplated by Fed. R. Civ. P. 67:

> However, here the seized money is not in contest. Plaintiff's election to sue in tort and keep the bargain confirms this. The plaintiff seeks relief from material misrepresentation which has caused it damage since its bargain retained allegedly is less valuable than was represented. *The damage, if any, arises out of the alleged excess consideration paid on the contract; the damage is not the consideration itself, since the bargain has been affirmed and rescission has not been elected. Plaintiff simply wants its bargain and its money too.* At the same time it seeks to deprive defendants of their right to claim forfeiture or to sue for a breach of contract. Cf. General Pencil Co. v. George N. Kahn Co., 246 F.Supp. 60 (S.D.N.Y. 1965); Dinkins v. General Aniline & Film Corp., 214 F.Supp. 281 (S.D.N.Y. 1963). Rule 67 was not intended for such a one-sided before-judgment consequence.

*Id.* at 1126 (underline in original, italics added). As was the case in *Baxter*, the damages alleged by Plaintiffs arise out of the alleged excess consideration paid in the contract; the damage is not

PAGE 3 - RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO DEPOSIT FUNDS INTO COURT

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
708480.0082/849892.1    PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

the consideration itself. Since the contract has been affirmed, Plaintiffs cannot keep the bargain and their money too. Plaintiffs cannot at the same time affirm the contract while depriving Golden Temple of its contracted-for rights. *See also Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475, *amended on other grounds by* 831 F.2d 557 (5th Cir. 1987) (citing and quoting *Baxter* and distinguishing the situation where a party claims that it does not owe the money at issue).

Plaintiffs do not deny they owe the payments at issue to Golden Temple; instead, they admit that the amounts they seek to deposit with the Court are owed under the promissory note. Plaintiffs' Memo. at 2. Thus, pursuant to *Baxter*, the funds are not in contest and application of Fed. R. Civ. P. 67 is improper. *See also General Pencil Co. v. George N. Kahn Co.*, 246 F. Supp. 60, 62 (S.D.N.Y. 1965) (denying request by defendant in a declaratory judgment action to deposit disputed contract payments with the Court. The Court held that defendant could not both "preserve all its rights under the contract and [ ] avoid the risk of a breach of contract on its part if its position should turn out to be wrong," and further stated "*[t]here is nothing in the history of Rule 67 or in the decisions construing it which suggests that it was designed to afford to a defendant an opportunity to deprive a plaintiff both of the benefits of his contract and of a right of action for its breach.*" (emphasis added)).

Moreover, consistent with prior findings in the District of Oregon, allowing deposit of the funds here is also improper for the additional reasons that there is no indication that Defendants could not satisfy a judgment against them and Plaintiffs have not made any showing that they would be harmed if this Court does not require a deposit of funds. *Qwest Corporation v. City of Portland*, 204 F.R.D. 468, 470 (D. Or. 2001) (finding that an order requiring deposit of funds was not appropriate under such circumstances).

708480.0082/849892.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## III. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion for an Order to Deposit Funds Into the Court.

DATED: May 17, 2010

LANE POWELL PC

By _____
Vicki L. Smith, OSB No. 854410
Parna A. Mehrbani, OSB No. 053235
Telephone: 503.778.2100
Attorneys for Defendants Golden Temple of
Oregon, LLC, and Karam Singh Khalsa

PAGE 5 -   RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO DEPOSIT FUNDS INTO COURT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

708480.0082/849892.1