**Vicki L. Smith**, OSB No. 854410
smithv@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SOOTHING TOUCH, LLC**, a New Mexico Limited Liability Company; and **SAT KARTAR S. BIRD**, a New Mexico Resident,<br><br>                                          Plaintiffs,<br><br>     v.<br><br>**GOLDEN TEMPLE OF OREGON, LLC**, an Oregon Limited Liability Company, and **KARAM SINGH KHALSA**, an Oregon Resident,<br><br>                                          Defendants. | Case No. 3:10-cv-421-BR<br><br>**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendants Golden Temple of Oregon, LLC and Karam Singh Khalsa (collectively, "defendants") answer and respond to plaintiffs Soothing Touch, LLC and Sat Kartar S. Bird's (collectively, "plaintiffs") Complaint as follows:

1. In answer to the allegations contained in paragraphs 1 and 2, defendants are without knowledge or information sufficient to form a belief as to these allegations and therefore deny these allegations.

PAGE 1 -   DEFENDANTS' ANSWER. AFFIRMATIVE DEFENSES, AND
          COUNTERCLAIM

2. Defendants admit the allegations contained in paragraphs 3 through 6.

3. Defendants deny the allegations contained in paragraph 7.

4. Defendants admit the allegations contained in paragraph 8.

5. In answer to the allegations contained in paragraphs 9 through 12, defendants admit that the Asset Purchase Agreement and the Promissory Note contain certain terms and conditions which speak for themselves. Defendants deny the allegations in paragraphs 9 through 12 that are inconsistent with or inaccurately state the terms and conditions of the Asset Purchase Agreement or the Promissory Note. Defendants deny all of the remaining allegations contained in paragraphs 9 through 12.

6. Defendants admit the allegations contained in paragraph 13.

7. Defendants deny the allegations contained in paragraphs 14 through 20.

8. In answer to the allegations contained in paragraph 21, defendants admit that the Asset Purchase Agreement contains certain terms and conditions which speak for themselves. Defendants deny the allegations in paragraph 21 that are inconsistent with or inaccurately state the terms and conditions of the Asset Purchase Agreement. Defendants deny any remaining allegations contained in paragraph 21.

9. Defendants deny the allegations contained in paragraphs 22 through 23.

10. In answer to the allegations contained in paragraph 24, defendants admit that the Equipment Purchase Agreement contains certain terms and conditions which speak for themselves. Defendants deny the allegations in paragraph 24 that are inconsistent with or inaccurately state the terms and conditions of the Equipment Purchase Agreement. Defendants deny any remaining allegations contained in paragraph 24.

11. Defendants deny the allegations contained in paragraphs 25 through 39.

12. In answer to the allegations contained in paragraph 40, defendants re-allege their answers to paragraphs 1 through 39 above.

13. Defendants deny the allegations contained in paragraph 41.

PAGE 2 -   DEFENDANTS' ANSWER. AFFIRMATIVE DEFENSES, AND
          COUNTERCLAIM

14. In answer to the allegations contained in paragraph 42, defendants re-allege their answers to paragraphs 1 through 41 above.

15. Defendants deny the allegations contained in paragraph 43.

16. In answer to the allegations contained in paragraph 44, defendants re-allege their answers to paragraphs 1 through 43 above.

17. Defendants deny the allegations contained in paragraphs 45 through 49.

18. In answer to the allegations contained in paragraph 50, defendants re-allege their answers to paragraphs 1 through 49 above.

19. Defendants deny the allegations contained in paragraphs 51 through 52.

20. Defendants deny each and every allegation that has not been specifically admitted above.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

21. Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

22. Plaintiff has failed to timely file plaintiffs' claims within the applicable statute of limitations.

### **THIRD AFFIRMATIVE DEFENSE**

**(Mitigation)**

23. Each of the claims alleged by plaintiffs are barred, in whole or in part, to the extent that plaintiffs failed to mitigate the alleged damages.

PAGE 3 -   DEFENDANTS' ANSWER. AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

708480.0082/857021.1

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel/Unclean Hands)

24. Each of the claims alleged by plaintiffs are barred, in whole or in part, by the doctrines of estoppel, unclean hands, and/or other equitable doctrines.

## FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

25. Defendants have made accommodations in satisfaction of the claims alleged in plaintiffs' Complaint.

26. The additional accommodations and benefits received by plaintiffs from defendants include, but are not limited to, accommodations for equipment issues, lack of a mud formula, and consultation services; rearrangement of the payment plan to assist plaintiffs with their business cash flow issues; allowing payments due under the Equipment Purchase Agreement to be wrapped into the Asset Purchase Agreement; and other discounts.

## COUNTERCLAIM

### (Breach of Contract)

27. Defendant Golden Temple of Oregon, LLC, formerly Golden Temple of Oregon, Inc. ("Golden Temple), entered into an Equipment Purchase Agreement with plaintiff Soothing Touch, LLC ("Soothing Touch") on February 9, 2007.

28. Pursuant to paragraph 1 of the Equipment Purchase Agreement, Soothing Touch was required to pay $114,000 to Golden Temple.

29. Golden Temple has satisfied all of its obligations under the Equipment Purchase Agreement.

30. Despite demand for payments, Soothing Touch has failed to make payments as required by the Equipment Purchase Agreement. This failure is a breach of the Equipment Purchase Agreement.

31. As a result of Soothing Touch's breach of the Equipment Purchase Agreement, Golden Temple has been and continues to be damaged in an amount to be proven at trial.

WHEREFORE, defendants pray for relief as follows:

1. That plaintiffs' Complaint be dismissed with prejudice and that plaintiffs be awarded no relief;

2. On defendants' Counterclaim, for damages owed to Golden Temple of Oregon, LLC, in an amount to be proven at trial, plus pre-judgment and post-judgment interest;

3. For an award of defendants' reasonable attorney fees, costs, disbursements, and other expenses; and

4. For such other and further relief as the Court deems just and proper.

DATED: June 21, 2010

                                                       LANE POWELL PC


                                                       By  /s/ Vicki L. Smith
                                                          Vicki L. Smith, OSB No. 854410
                                                          Parna A. Mehrbani, OSB No. 053235
                                                          Telephone:  503.778.2100
                                        Attorneys for Defendants

PAGE 5 -  DEFENDANTS' ANSWER. AFFIRMATIVE DEFENSES, AND
            COUNTERCLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

708480.0082/857021.1