**UNITED STATES DISTRICT COURT
DISTRICT OF OREGON**

**CIVIL MINUTES**

Case No.   **CV 10-421-BR**                              Date of Proceeding: **September 21, 2010**

Case Title:   **Soothing Touch, LLC, et al. v Golden Temple of Oregon , LLC, et al.**

Presiding Judge: **Anna J. Brown**                    Courtroom Deputy: **Bonnie Boyer**
                                                                                              Tele: (503) 326-8053
                                                                          e-mail: Bonnie_Boyer@ord.uscourts.gov

**DOCKET ENTRY:** Minute Order

**RECORD OF ORDER**

The Court has received the parties' proposed form of Stipulated Protective Order [25]. For the reasons that follow, the Court declines to sign the order in its current form, and DENIES the request.

Pursuant to Fed. R. Civ. P. 26 and *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), the Court may grant a protective order only after finding "good cause" as defined by Rule 26. The party seeking to protect documents produced in discovery bears the burden of demonstrating "specific prejudice or harm will result if no protective order is granted" as to each particular document. *Id.* at 1130. The Court may not grant a "blanket" protective order of the type the parties have tendered in this matter.

Accordingly, the Court directs the parties to confer further and to submit a new form of stipulated protective order in which they propose the requisite "good cause" findings. In addition, the new proposed form of order should include language such as the following concerning the procedure to follow when a party files protected documents with the Court:

If a party files under seal any document produced under this Protective Order, a party seeking to preserve the secrecy of any such document must make the showing required pursuant to Fed. R. Civ. P. 26 and *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F. 3d 1122 (9th Cir. 2003), in order to maintain the protective order as to such document. Before seeking to maintain protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

cc:  (  )  All counsel                                              DOCUMENT NO: _____

**Civil Minutes**
**Hon. Anna J. Brown**                                                        (ProtectOrderMO.wpd)