**Vicki L. Smith**, OSB No. 854410
smithv@lanepowell.com
**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants

FILED

OCT 13 2010

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SOOTHING TOUCH, LLC**, a New Mexico Limited Liability Company; and **SAT KARTAR S. BIRD**, a New Mexico Resident, <br><br> Plaintiffs, <br><br> v. <br><br> **GOLDEN TEMPLE OF OREGON, LLC**, an Oregon Limited Liability Company, and **KARAM SINGH KHALSA**, an Oregon Resident, <br><br> Defendants. | Case No. 3:10-cv-421-BR <br><br> STIPULATED PROTECTIVE ORDER |

The parties have requested, or stated that they will request, the production of documents and/or information that may contain confidential financial information, proprietary information, and/or trade secrets under applicable state law, and that are subject to protection under Federal Rule of Civil Procedure 26(c) and *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). The parties agree that good cause exists to protect the confidential and proprietary nature of trade secrets (such as recipes and formulae); other confidential research or development

PAGE 1 -   STIPULATED PROTECTIVE ORDER

information; proprietary business information; financial information, such as forecasts, records of sales and profits, records of costs of production, and records of costs of labor; sensitive personal information such as employees' social security numbers; and account numbers and passwords, all of which may be contained in documents, interrogatory responses, or deposition testimony in this case, such that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. (a) This Stipulated Protective Order shall govern the handling of all documents, things, testimony or other information, including all copies, excerpts and summaries thereof that are subject to discovery in this action. Such discovery includes, without limitation, testimony adduced at depositions upon oral examination pursuant to Fed. R. Civ. P. 30, written responses to interrogatories pursuant to Fed. R. Civ. P. 33, documents produced pursuant to Fed. R. Civ. P. 34, answers to requests for admission pursuant to Fed. R. Civ. P. 36, and testimony, documents and things provided pursuant to Fed. R. Civ. P. 45.

(b) The provisions of this Stipulated Protective Order shall apply to: (1) the parties in this action; and (2) any third party producing or disclosing material(s) in this action who agrees to be, or is ordered by the Court to be, bound by the terms of this Stipulated Protective Order.

2. Any party or third party who elects or is ordered to provide discovery under the terms and conditions of this Stipulated Protective Order ("Providing Party") may designate as "CONFIDENTIAL" any material which it produces in the course of this litigation (including appeals) which is owned or controlled by the Providing Party when the Providing Party in good faith believes that the material contains non-public information, which includes, pursuant to Federal Rule of Civil Procedure 26(c) and *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), trade secrets (such as recipes and formulae); other confidential research,

PAGE 2 -   STIPULATED PROTECTIVE ORDER

development, or commercial information; proprietary business information; financial documents and information, such as forecasts, records of sales and profits, records of costs of production, and records of costs of labor; sensitive personal information such as employees' social security numbers; and account numbers and passwords (collectively "CONFIDENTIAL MATERIALS"). The parties will label documents with the CONFIDENTIAL designation only after a good faith determination that the document contains material that qualifies as (1) a legitimate trade secret or other confidential and proprietary commercial information under ORS 646.461(4) and/or Fed. R. Civ. P. 26(c); or (2) as personal and confidential information of third parties exempt from public disclosure under state or federal law. CONFIDENTIAL MATERIALS shall include all information, documents, and things relating in any way to the substance of the foregoing, including but not limited to copies, summaries, or abstracts thereof.

3. CONFIDENTIAL MATERIALS shall be subject to the following restrictions:

(a) CONFIDENTIAL MATERIALS shall be used only for the purposes of this litigation (including appeals) and for no other purpose (unless authorized by the Court) and shall not be disclosed, given, shown, made available, or communicated, directly or indirectly, in any way to anyone except those authorized persons set forth below if it is necessary that such CONFIDENTIAL MATERIALS be given or shown for the purposes permitted under this paragraph 3.

(b) CONFIDENTIAL MATERIALS specifically designated as such shall be disclosed, for the purposes set forth in paragraph 3(a), only to:

(i) the parties to this action and/or their employees who need access to CONFIDENTIAL MATERIALS for the purpose articulated in paragraph 3(a);

(ii) counsel of record in this action for the parties, including their support personnel and in-house corporate counsel and support personnel;

(iii) the author or recipient of any documents claimed to be CONFIDENTIAL MATERIALS, including any person shown to have personal knowledge of the contents of said documents;

708480.0082/864621.1

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

    (iv) independent experts, consultants, investigators, or translators for a party, including their support personnel, whose advice and consultation are being or will be used by such party in connection with preparation for trial, or for trial in this action, including any motions in this action;

    (v) the Court and those employed by the Court (including court reporters, stenographic reporters, and Court personnel), in which case such information shall be filed under seal and kept under seal until further order of the Court;

    (vi) any mediator engaged by the parties to conduct a mediation in this action;

    (vii) Court reporters, videographers, and employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation or trial of this action, as reasonably needed to perform their duties; and

    (viii) any other person as to whom the Providing Party, or said party's legal representative, agrees to in writing or on the record.

  4. (a) Subject to the provisions of paragraph 3, any party may disclose CONFIDENTIAL MATERIALS to the Providing Party's employees, former employees, consultants, or former consultants who were employed or retained by the Providing Party on the date the document was prepared or dated ("former employees"), or whose employment or retention involved matters related to the subject matter of such CONFIDENTIAL MATERIALS, or to his/her counsel, during deposition or trial.

    (b) Any party may disclose CONFIDENTIAL MATERIALS to a third party witness (excluding former employees), or his/her counsel, during deposition or trial only when it is apparent from the face of the document or from prior testimony, including the testimony of the third party witness, that said third party witness authored, assisted in the preparation of or received said document or material. A third party witness and his/her counsel (unless said counsel is an attorney of record herein) shall not be permitted to retain a copy of the CONFIDENTIAL MATERIALS.

  5. Any person given access to CONFIDENTIAL MATERIALS pursuant to the terms hereof shall be advised that the CONFIDENTIAL MATERIALS are being disclosed pursuant to, and subject to, the terms of this Stipulated Protective Order and may not be

PAGE 4 - STIPULATED PROTECTIVE ORDER

disclosed other than pursuant to the terms hereof, and that violation of the terms of this Stipulated Protective Order may constitute contempt of a court order. Before any person designated in paragraphs 3(b)(iv), 3(b)(vi), 3(b)(viii) is given access to CONFIDENTIAL MATERIALS, he/she shall provide a written statement of assurance to be bound by the provisions of this Stipulated Protective Order as provided in the form attached hereto as **Exhibit A**.

6.  CONFIDENTIAL MATERIALS shall be designated as follows:

(a) In the case of documents, the designation shall be made by placing the legend "CONFIDENTIAL" on each page of such document(s) produced by the Providing Party. Such designation shall be made at the time a document or portion thereof is produced for inspection by counsel, and it is sufficient designation for this purpose that a container holding tangible objects, a file or an individual document bears a written label marked with the appropriate designation.

(b) In the case of electronically stored information, electronic documents produced in native format, or other materials produced on an electronic or digital storage or recording device such as a disk, CD, DVD, or hard drive (hereinafter "Device") the designation shall be made by placing the legend "CONFIDENTIAL" on the Device. For example, a CD containing one or more confidential electronic files may be marked as "CONFIDENTIAL" by affixing a "CONFIDENTIAL" label to the CD itself. Such designation shall be made at the time the electronically stored information is produced for inspection by counsel, and it is sufficient designation for this purpose that a container holding the Device bears a written label marked with the appropriate designation. Because native electronic files or individual files on a Device cannot be individually marked, if one document on a Device is deemed to be confidential by the producing party, that party shall mark the entire Device "CONFIDENTIAL." If Counsel for the Providing Party does not provide written confirmation of what specific files on a Device are deemed to be CONFIDENTIAL, all items contained thereon shall be considered and treated as

PAGE 5 - STIPULATED PROTECTIVE ORDER

protected CONFIDENTIAL MATERIALS as though each document was itself marked "CONFIDENTIAL".

(c)  In the case of interrogatory answers or responses to requests for admissions, the designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer that contains confidential information.

(d)  A Providing Party that inadvertently fails to mark an item described in paragraphs (a)-(c) herein at the time of production shall have ten (10) days thereafter in which to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked. Within five (5) days of receipt of the substitute copies, the Receiving Party shall return the previously unmarked items and all copies thereof or destroy the same and certify the destruction to counsel for the Providing Party. Until expiration of the aforesaid ten (10) day period, all items produced shall be considered and treated as protected CONFIDENTIAL MATERIALS.

(e)  In the case of depositions upon oral examination, if counsel for any party believes that a question or answer of its client, or former or current officers, directors or employees of such client, a third party witness and/or an expert constitutes CONFIDENTIAL MATERIALS, counsel may so state on the record and may request that the specific pages which include such CONFIDENTIAL MATERIALS be included in a separate sealed portion of the transcript. When testimony designated as "CONFIDENTIAL" (consistent with paragraph 2, above) is elicited during a deposition, persons not entitled to receive such information under the terms of this Stipulated Protective Order shall be excluded from the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as CONFIDENTIAL MATERIALS on the record during the deposition shall have thirty (30) days, following mailing of the transcript by the court reporter, in which to correct the failure. Such correction and notice thereof shall be made in writing to the court reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute CONFIDENTIAL

PAGE 6 - STIPULATED PROTECTIVE ORDER

MATERIALS, and directing the reporter to place the same seal as provided in this paragraph 6(c). Until expiration of the aforesaid thirty (30) day period, all deposition transcripts shall be considered and treated as protected CONFIDENTIAL MATERIALS unless otherwise agreed to on the record at the deposition.

7. All designated information shall be stored and maintained in a manner that will prevent access to that information by unauthorized persons.

8. (a) The acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL MATERIALS are, in fact, confidential. Any party may upon ten (10) days' advance written notice to the other parties move this Court for (i) modification of this Stipulated Protective Order, or (ii) relief from the provisions of this Stipulated Protective Order. In addition, the parties may agree in writing or on the record to necessary modifications of this Stipulated Protective Order.

(b) A party shall not be obligated to challenge the propriety of the designation of CONFIDENTIAL MATERIALS at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, the parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, the party challenging the propriety of the designation CONFIDENTIAL MATERIALS shall provide written notice of such challenge to the Providing Party, and the party wishing to maintain the designation must present a motion to the Court claiming such status within ten (10) business days of service of the written notice of challenge of the claim to such status. The material in issue shall continue to be treated as designated until the Court orders otherwise.

9. Nothing in this Stipulated Protective Order shall require disclosure of material that counsel for a party or a third party contends is protected from disclosure by the

PAGE 7 - STIPULATED PROTECTIVE ORDER

708480.0082/864621.1

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

attorney-client privilege or the attorney work-product immunity. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

10. Nothing in this Stipulated Protective Order shall be construed as a waiver of the right of any party to object to the taking, or the admissibility, of any testimony or other evidence where such objection is based on a ground or grounds other than that the testimony or evidence involves CONFIDENTIAL MATERIALS, and nothing herein shall be construed as an agreement that any CONFIDENTIAL MATERIALS shall be withheld from or excluded from evidence in any proceeding in this case.

11. This Stipulated Protective Order shall not prevent a party or third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

12. CONFIDENTIAL MATERIALS may be used to prepare for and conduct discovery and to prepare for trial. CONFIDENTIAL MATERIALS may also be used in testimony at trial, in connection with any motion, at any hearing, and at depositions, and may be offered in evidence at trial or in connection with any motion. The restrictions on use of CONFIDENTIAL MATERIALS set forth in this Stipulated Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Stipulated Protective Order.

   (a) All pleadings or other court filings which incorporate or disclose CONFIDENTIAL MATERIALS shall include the designation "AUTHORIZED TO BE FILED UNDER SEAL" below the document title and shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action and an indication that the materials are tendered to the Court under seal. Such documents shall be kept in accordance with the Court's rules and shall remain under seal until otherwise ordered by the Court.

PAGE 8 -   STIPULATED PROTECTIVE ORDER

The above restraints shall not prevent a second copy of any pleading or paper specifically intended for review by the Court and appropriately designated from being hand delivered to the Court's chambers. Any documents so filed shall not be made a part of the public record herein and shall be returned to the respective parties promptly upon completion of the litigation.

(b) If a party files under seal any document produced under this Protective Order, a party seeking to preserve the secrecy of any such document must make the showing required pursuant to Fed. R. Civ. P. 26 and *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), in order to maintain the protective order as to such document. Before seeking to maintain protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

(c) Any disclosure of CONFIDENTIAL MATERIALS in any other court proceeding herein (other than when proffered as evidence at trial) shall be made in camera unless the Court orders otherwise, or the parties mutually agree otherwise.

13. The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials, the confidentiality protection of this Stipulated Protective Order, or the subject matter hereof. Upon receiving notice from the Providing Party that materials have been inadvertently produced, they shall be promptly returned to the Providing Party, including all copies. Such return shall not be deemed an admission or concession regarding any claimed privilege or protection under this Order.

14. Notwithstanding any of the foregoing provisions, this Stipulated Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own CONFIDENTIAL MATERIALS.

15. Within sixty (60) days after final termination of this action, whether by judgment, settlement or otherwise, at the option of the Receiving Party, counsel for the Receiving Party

PAGE 9 - STIPULATED PROTECTIVE ORDER

shall return all copies of CONFIDENTIAL MATERIALS to counsel for the Providing Party, or shall destroy such CONFIDENTIAL MATERIALS and certify the destruction to counsel for the Providing Party except that counsel of record may retain for its files archival copies as follows: one full set of copies of pleadings, affidavits, briefs and memoranda filed in this action; copies of all communications, including attachments to electronic messages that may contain confidential material; one set of discovery as produced in the case; one set of transcripts of all depositions (with exhibits) taken and all of its own work product generated in connection with this action. Archival copies may be retained in either electronic or hard copy format. The parties shall store archival copies in a manner to prevent disclosure of CONFIDENTIAL MATERIALS.

16. Notwithstanding anything to the contrary contained in this Stipulated Protective Order, the restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to any information which the parties agree, or the Court rules, which:

(a) is already in the unrestricted and rightful possession of the Receiving Party or in the public domain at the time of receipt. Provided, however, that this Stipulated Protective Order shall not impair, revoke, or affect the parties' obligations to maintain the confidentiality or proprietary information, trade secrets, or other confidential business information;

(b) becomes public knowledge after receipt through no fault of the Receiving Party, the Receiving Party's counsel, or any expert or consultant retained by the Receiving Party; or

(c) is transmitted to the Receiving Party by a third party having no obligation to the Providing Party.

Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL MATERIALS if the parties agree or the Court rules that said person already had or obtained possession thereof legitimately.

PAGE 10 - STIPULATED PROTECTIVE ORDER

17. Any person to whom disclosure is made pursuant to any of the foregoing subparagraphs shall be subject to the restrictions imposed by this Stipulated Protective Order and consents to be subject to the personal jurisdiction of this Court for the limited purposes of securing compliance with the terms, or to punish the breach of any of the terms, of this Order.

*The Court finds good cause exists to enter the Protective Order.*

Dated this 13 day of October, 2010

BY THE COURT:

_____
[signature]

Date: 10/8/10

Approved on behalf of Golden Temple Of Oregon, LLC and Karam Singh Khalsa:

Lane Powell PC

_____
Parna A. Mehrbani, Esq., OSB No. 053235
mehrbanip@lanepowell.com
Vicki L. Smith, Esq., OSB No. 854410
smithv@lanepowell.com
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204
(503) 778-2100

Date: October 8, 2010

Approved on behalf of Soothing Touch, LLC and Sat Kartar S. Bird:

Cable Huston Benedict Haagensen & Lloyd LLP

_____
G. Kevin Kiely, OSB No. 833950
hkkirly@cablehuston.com
Carla Scott, OSB No. 054725
cscott@cablehuston.com
1001 SW 5th Avenue, Suite 2000
Portland, Oregon 97204
Telephone: (503) 224-3092

PAGE 11 - STIPULATED PROTECTIVE ORDER

## EXHIBIT A

I, _____, declare that: I reside at _____ in the city of _____, county of _____, state of _____, and acknowledge and declare as follows:

I have been provided with and have read a copy of the Stipulated Protective Order ("Order") dated _____ entered in connection with *Soothing Touch, LLC and Sat Kartar S. Bird v. Golden Temple of Oregon, LLC and Karam Singh Khalsa*, Civil Action No. 3:10-cv-421-BR, and I agree, upon the threat of penalty of contempt and other civil remedies, to be bound by its terms. I further irrevocably consent to the jurisdiction of the United States District Court, District of Oregon, for the purpose of any proceeding to enforce or secure compliance with the terms of this Stipulated Protective Order, or to punish the breach of any of its terms.

Executed this \_\_\_ day of _____, 200\_\_, at _____.

_____

Name _____

708480.0082/864621.1

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200